

**JUDGE KOELTL**

08 CV 5428

Christopher M. Schierloh (CS-6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
JUN 1 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

-------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o NATIONAL
FISH & SEAFOOD, INC.,

     2008 Civ.

   Plaintiff,

 - against -       **COMPLAINT**

MV MAERSK PECEM, her engines, boilers, tackle,
furniture, apparel, etc., *in rem*; A.P. MOLLER-MAERSK
A/S d/b/a MAERSK LINE, AND MAERSK SEALAND,
*in personam*,

   Defendants.
-------------------------------------------------------------X

  Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, (hereinafter "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC as and for its Complaint against MV MAERSK PECEM her engines, boilers, tackle, furniture, apparel, etc., *in rem*, and A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND, *in personam*, alleges upon information and belief as follows:

**THE PARTIES**

 1. At all material times, Indemnity Insurance company of North America was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 140 Broadway, 40th Floor, New York, New York 10005 and is the

subrogated underwriter of a consignment 870 cartons of frozen shrimp laden aboard MV MAERSK PECEM.

2.      Upon information and belief, at all times hereinafter mentioned, MV MAERSK PECEM (hereinafter "vessel"), was and still is a vessel operated as a common carrier of goods in ocean transportation for hire, and she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

3.      Upon information and belief, at all times hereinafter mentioned, Defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND (hereinafter "MAERSK" or "defendant"), was and still is a business entity duly organized and existing under the law of a foreign country, with an office and place of business at 2 Giralda Farms, Madison Avenue, P.O. Box 880, Madison New Jersey 07940, and who was and is now engaged in the business of common and/or private carriage of merchandise by water for hire and was the owner and/or disponent owner and/or charterer and/or manager and/or operator of the vessel.

## JURISDICTION

4.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5.      On or about August 15, 2007 a consignment of 870 cartons of frozen shrimp, laden in container No. MWCU6697942, was delivered to MAERSK and the MV MAERSK PECEM in good order and condition, for shipment from Laemchabang, Thailand to Forth Worth, Texas, via Los Angeles, pursuant to Maersk Line bill of lading number 523678931 dated August 15, 2007.

6. Pursuant to the terms of the referenced bill of lading, the consignment was to be maintained at a temperature of -6 degrees Fahrenheit.

7. On or about September 14, 2007, the consignment arrived in Dallas, Texas, whereupon, it was discovered that much of the load of frozen shrimp was defrosted.

8. As result of the failure of the defendants to maintain the proper, agreed upon, temperature within the container, plaintiff's cargo was damaged.

9. The damage to the cargo was not the result of any act or omission of plaintiff, but, on the contrary, was due solely as the result of the negligence, fault, neglect, breach of contracts of carriage, unseaworthiness and bailment on the part of defendants.

10. At all times relevant hereto, a contract of insurance for property damage was in effect between National Fish & Seafood, Inc. and Indemnity Insurance Company of North America, which provided coverage for, among other things, loss or damage to the consignment.

11. Pursuant to the aforementioned contract of insurance between National Fish & Seafood, Inc., and Indemnity Insurance Company of North America, monies have been and will be expended on behalf of National Fish & Seafood, Inc. in the amount of $55,000 to the detriment of Indemnity Insurance Company of North America due to the damages sustained during transit.

12. As Indemnity Insurance Company of North America has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Indemnity Insurance Company of North America has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

13. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

14. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

15. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $55,000.

16. Plaintiff has a maritime lien against the MV MAERSK PECEM for the damages referred to herein and will enforce that lien in these proceedings.

17. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this Complaint, as further facts become available.

WHEREFORE, plaintiff prays that:

1. *In rem* service of process be issued against the MV MAERSK PECEM, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The defendants, MV MAERSK PECEM, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND be served with a copy of this Complaint, together with a summons to appear under oath and answer all and singular the matters aforesaid;

3. The Court order, adjudge and decree that defendants, MV MAERSK PECEM, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE and MAERSK SEALAND, pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. Plaintiff may have such other and further relief in the premises as in law and justice they may be entitled to receive.

Dated:   New York, New York
         June 13, 2008
         115-919

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff


                                   By:  _____
                                        Christopher M. Schierloh (CS-6644)
                                        CASEY & BARNETT, LLC
                                        317 Madison Avenue, 21st Floor
                                        New York, NY 10017
                                        (212) 286-0225